UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **KAREN SHOWALTER et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Cause No. 1:08-cv-666-WTL-JMS |
| ) | |
| **GARFF RICHMOND, LLC d/b/a TOYOTA** ) | |
| **OF RICHMOND and DAVID MILLER,** ) | |
| ) | |
| **Defendants.** ) | |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE**

Before the Court are six motions for summary judgment and six motions to strike filed by the Defendants. In this Entry, the Court addresses the Motion for Summary Judgment (Docket No. 69) and Motion to Strike (Docket No. 99) that pertain to Plaintiff Karen Showalter. The motions are fully briefed, and the Court, being duly advised, **DENIES** the Motion to Strike but reopens discovery to allow the Defendants to depose Dave Vanover and Becky Slusher, and **DENIES** the Motion for Summary Judgment, for the reasons, and to the extent set forth below.

**I. SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular

issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.  BACKGROUND

Karen Showalter, was hired by Toyota of Richmond ("the Dealership") in July 2005. Initially, Showalter served as the front desk receptionist but ultimately she became the Dealership's Customer Relations Manager. As Customer Relations Manager, Showalter was partially responsible for the Dealership's Customer Services Index ("CSI") scores.[1] These CSI scores are important to Toyota dealerships because they are used to evaluate a dealership's success. Dealerships with excellent CSI scores are eligible to receive Toyota's "President's Award." Dealerships whose CSI scores do not meet Toyota's standards are deemed "in the red." Dealerships "in the red" run the risk of losing their dealership license.

In 2007, the Dealership was purchased by Garff Richmond ("Garff"). Shortly after the acquisition, the new General Manager, Marion Palmore, and the new Director of Operations, Ray Sanabia, sat down with Showalter to discuss the Dealership's CSI scores. In a separate meeting that Showalter did not attend, Palmore and Sanabia stated that they no longer wanted any "old" people working at the Dealership and that they would only accept employment

---

[1] Although Showalter admits that she was partially responsible for the Dealership's CSI scores, she does not, and indeed could not, claim to be totally responsible for them, as other employee's actions affect these scores. *See* Def. Ex. 1 at 89-91.

applications from women under twenty-five years of age.[2]  Pl. Ex. 7 ¶¶ 5, 7.  Shortly thereafter, Showalter was terminated and Rachel Yaklich, a younger woman, became Customer Relations Manager.  The day after Showalter's termination, Palmore told Dave Vanover "I fired that old, wrinkled b---- and got a smokin' hot chick that's willing to give it up in a heartbeat."  *Id*. ¶ 14.

Showalter ultimately filed suit under the Age Discrimination in Employment Act ("ADEA"), alleging that the Defendants replaced her as Customer Relations Manager because of her age.

### III.  DISCUSSION

The Defendants moved to strike the affidavits of Dave Vanover, Pl. Ex. 7, and Becky Slusher, Pl. Ex. 8, because the Plaintiff failed to disclose these witnesses.  It is true that neither Vanover nor Slusher was disclosed in the Plaintiff's Preliminary Witness List.  In addition, neither witness was listed in Showalter's supplemental responses to the Defendants' interrogatories.  However, Vanover was identified in the Plaintiff's Initial Disclosures as a potential witness, and during her deposition Showalter stated that Vanover told her that the Defendants intended to terminate "old" employees.  Thus, although the Plaintiff may have committed a technical violation of Rule 26(a) of the Federal Rules of Civil Procedure, striking the Vanover and Slusher affidavits is not an appropriate remedy.  Accordingly, the Defendants' Motion to Strike is **DENIED**; however, discovery is reopened to allow the Defendants to depose Dave Vanover and Becky Slusher.

---

[2] The Defendants vigorously dispute the veracity of this statement, however, as this is the Defendants' Motion for Summary Judgment, the Court must believe Showalter's admissible evidence and draw all reasonable inferences in her favor.  As the Court will explain below, the Defendants' Motion to Strike is denied and the Court has considered all of the parties' designated evidence.

Turning to the Motion for Summary Judgment, in order to prevail, Showalter ultimately will have to convince a jury by a preponderance of the evidence that her age was a motivating factor in the Defendants' decision to terminate her.  At this stage of the case, Showalter can "avert summary judgment 'either by putting in enough evidence, whether direct or circumstantial, of discriminatory motivation to create a triable issue,'" the so-called direct method, "'or by establishing a prima facie case under the *McDonnell Douglas* formula.'"  *Paz v. Wauconda Healthcare & Rehab. Ctr., LLC*, 464 F.3d 659, 665 (7th Cir. 2006) (quoting *Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712, 719 (7th Cir. 2005)).  The Seventh Circuit has recognized "three distinguishable kinds of 'circumstantial' evidence of intentional discrimination."  *Rudin*, 420 F.3d at 720.

> The first consists of suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn . . . . Second is evidence, whether or not rigorously statistical, that employees similarly situated to the plaintiff other than in the characteristic (pregnancy, sex, race, or whatever) on which an employer is forbidden to base a difference in treatment received systematically better treatment. And third is evidence that the plaintiff was qualified for the job in question but passed over in favor of (or replaced by) a person not having the forbidden characteristic and that the employer's stated reason for the difference in treatment is unworthy of belief.

*Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994) (citations omitted).  A plaintiff can survive summary judgment by "constructing a 'convincing mosaic' of circumstantial evidence that 'allows a jury to infer intentional discrimination by the decisionmaker.'"  *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004) (quoting *Troupe*, 20 F.3d at 737).  Applying this standard, and viewing the evidence of record in the light most favorable to Showalter, the Court determines that the evidence described above, if believed, would permit a jury to reasonably infer that age was a motivating factor in the Defendants' decision to terminate

her.[3]  Therefore, the Defendants' Motion for Summary Judgment is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Strike (Docket No. 99) is **DENIED** but discovery is reopened to allow the Defendants to depose Dave Vanover and Becky Slusher. In addition, the Defendants' Motion for Summary Judgment (Docket No. 69) is **DENIED**.

SO ORDERED:   02/26/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Stephanie Lynn Cassman
Lewis Wagner LLP
scassman@lewiswagner.com

Ramey & Hailey
lawjoel@hotmail.com

Richard D. Hailey
Ramey & Hailey
rich@rameyandhaileylaw.com

Thomas C. Hays
Lewis Wagner LLP
thays@lewiswagner.com

Theresa Renee Parish
Lewis Wagner LLP
tparish@lewiswagner.com

Joel Samuel Paul

---

[3] The parties' briefs contain argument regarding both the direct method and the *McDonnell Douglas* burden-shifting analysis.  Because the Court finds that Showalter has sustained her burden under the former, it is not necessary to address the arguments relating to the latter.