UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAREN SHOWALTER et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | Cause No. 1:08-cv-666-WTL-JMS |
| | ) | |
| GARFF RICHMOND, LLC d/b/a TOYOTA | ) | |
| OF RICHMOND and DAVID MILLER, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE

Before the Court are six motions summary judgment motions and six motions to strike

filed by the Defendants.  In this Entry, the Court addresses the Motion for Summary Judgment

(Docket No. 75) and Motion to Strike (Docket No. 100) pertaining to Plaintiff James Jackson.

The motions are fully briefed, and the Court, being duly advised, **DENIES** the Motion to Strike

but reopens discovery to allow the Defendants to depose Dave Vanover and Becky Slusher, and

**DENIES** the Motion for Summary Judgment, for the reasons, and to the extent set forth below.

## I.  SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment is appropriate

if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary

judgment, the admissible evidence presented by the non-moving party must be believed and all

reasonable inferences must be drawn in the non-movant's favor.  *Zerante v. DeLuca*, 555 F.3d

582, 584 (7th Cir. 2009).  However, "[a] party who bears the burden of proof on a particular

issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual

allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v.*

*Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007).  Finally, the non-moving party bears

the burden of specifically identifying the relevant evidence of record, and "the court is not

required to scour the record in search of evidence to defeat a motion for summary judgment."

*Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.  BACKGROUND

James Jackson, was hired by Toyota of Richmond ("the Dealership") in 2002 as the Used

Car Director.  As the Used Car Director, Jackson was responsible for purchasing automobiles at

auctions, wholesaling vehicles, and appraising used cars for resale.  Although the Plaintiff

received a salary from the Dealership, he also received commissions or bonuses when the

Dealership performed particularly well in a given month.

In 2007, the Dealership was purchased by Garff Richmond ("Garff").  Marion Palmore

became the new General Manager and Ray Sanabia became the Director of Operations.  On at

least one occasion, Palmore spoke with Jackson and asked him to remain the Used Car Director.

According to Jackson, Palmore "told me how much he needed me and [asked me to] please stay.

He said, 'Whatever you do, please stay.'  He begged me." Def. Ex. 1 at 113, lines 14-16.

However, at a meeting that Jackson did not attend, Palmore and Sanabia stated that they no

longer wanted any "old" people working at the Dealership and that they would only accept

employment applications from women under twenty-five years of age.[1]   Pl. Ex. 4 ¶¶ 5, 7.

---

[1] The Defendants vigorously dispute the veracity of this statement, however, as this is the
Defendants' Motion for Summary Judgment, the Court must believe Jackson's admissible
evidence and draw all reasonable inferences in his favor.  As the Court will explain below, the

After Garff's acquisition of the Dealership, Jackson learned that his salary was going to be cut by almost $60,000.  *See* Def. Ex. 1 at 116, line 16; *id.* at 118, line 12-13.  Although Jackson told Sanabia that he could not work for only $40,000 per year, he denies that he resigned or quit.  Several days later Jackson called the Dealership to try negotiate a deal with respect to his wages.  He was told that the Dealership was "going to go on without [him]."  *Id.* at 120, lines 23-25.  Mike Coyle became the new Used Car Manager.[2]  Pl. Ex. 4 ¶¶ 9-10.  The following day, Dave Vanover asked Palmore and Sanabia why they replaced Jackson.  Sanabia responded: "Dave, who do you think is more likely to attract chicks to our dealership? Mike? Or that red-neck senior citizen?"  *Id.* ¶ 10.  Jackson ultimately filed suit under the Age Discrimination in Employment Act ("ADEA"), alleging that the Defendants replaced him because of his age.

### III.  DISCUSSION

The Defendants moved to strike the affidavits of Dave Vanover, Pl. Ex. 4, and Becky Slusher, Pl. Ex. 5, because the Plaintiff failed to disclose these witnesses.  It is true that neither Vanover nor Slusher was disclosed in the Plaintiff's Preliminary Witness List.  However, Vanover was identified in the Plaintiff's Initial Disclosures as a potential witness, and in his supplemental responses to the Defendants' interrogatories, Jackson identified both Vanover and Slusher as potential witnesses to the Defendants' age discrimination.  In addition, during his deposition, Jackson stated that Vanover attended the meeting in which Palmore and Sanabia

---

Defendants' Motion to Strike is denied and the Court has considered all of the parties' designated evidence.

[2] The Defendants dispute this point.  They claim that Jackson "was not replaced" and that "Sanabia took over all used car operations after Plaintiff left the dealership."  Def. Br. at 6.  However, as this is the Defendants' Motion for Summary Judgment, the Court is

stated their intent to terminate "old" employees.  Thus, although the Plaintiff may have

committed a technical violation of Rule 26(a) of the Federal Rules of Civil Procedure, striking

the Vanover and Slusher affidavits is not an appropriate remedy.  Accordingly, the Defendants'

Motion to Strike is **DENIED**; however, discovery is reopened solely to allow the Defendants to

depose Dave Vanover and Becky Slusher.

Turning to the Motion for Summary Judgment, in order to prevail, Jackson ultimately

will have to convince a jury by a preponderance of the evidence that his age was a motivating

factor in the Defendants' decision to terminate him.  At this stage of the case, Jackson can "avert

summary judgment 'either by putting in enough evidence, whether direct or circumstantial, of

discriminatory motivation to create a triable issue,'" the so-called direct method, "'or by

establishing a prima facie case under the *McDonnell Douglas* formula.'"  *Paz v. Wauconda

Healthcare & Rehab. Ctr., LLC*, 464 F.3d 659, 665 (7th Cir. 2006) (quoting *Rudin v. Lincoln

Land Cmty. Coll.*, 420 F.3d 712, 719 (7th Cir. 2005)).  The Seventh Circuit has recognized

"three distinguishable kinds of 'circumstantial' evidence of intentional discrimination."  *Rudin*,

420 F.3d at 720.

> The first consists of suspicious timing, ambiguous statements oral or written,
> behavior toward or comments directed at other employees in the protected group,
> and other bits and pieces from which an inference of discriminatory intent might
> be drawn . . . . Second is evidence, whether or not rigorously statistical, that
> employees similarly situated to the plaintiff other than in the characteristic
> (pregnancy, sex, race, or whatever) on which an employer is forbidden to base a
> difference in treatment received systematically better treatment. And third is
> evidence that the plaintiff was qualified for the job in question but passed over in
> favor of (or replaced by) a person not having the forbidden characteristic and that
> the employer's stated reason for the difference in treatment is unworthy of belief.

*Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994) (citations omitted).  A plaintiff

can survive summary judgment by "constructing a 'convincing mosaic' of circumstantial

evidence that 'allows a jury to infer intentional discrimination by the decisionmaker.'" *Rhodes v.*

*Ill. Dep't of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004) (quoting *Troupe*, 20 F.3d at 737).

Applying this standard, and viewing the evidence of record in the light most favorable to

Jackson, the Court determines that the evidence described above, if believed, would permit a

jury to reasonably infer that age was a motivating factor in the Defendants' decision to terminate

him.[3]  Therefore, the Defendants' Motion for Summary Judgment is **DENIED** as to Jackson's

ADEA claim.

**CONCLUSION**

For the foregoing reasons, the Defendants' Motion to Strike (Docket No. 100) is

**DENIED** but discovery is reopened to allow the Defendants to depose Dave Vanover and Becky

Slusher.  In addition, the Defendants' Motion for Summary Judgment (Docket No. 75) is

**DENIED**.

SO ORDERED:  02/26/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Stephanie Lynn Cassman
Lewis Wagner LLP
scassman@lewiswagner.com

Richard D. Hailey

Ramey & Hailey
rich@rameyandhaileylaw.com

Thomas C. Hays
Lewis Wagner LLP

---

[3] The parties' briefs contain argument regarding both the direct method and the *McDonnell Douglas* burden-shifting analysis.  Because the Court finds that Jackson has sustained his burden under the former, it is not necessary to address the arguments relating to the latter.

thays@lewiswagner.com

Theresa Renee Parish
Lewis Wagner LLP
tparish@lewiswagner.com

Joel Samuel Paul
Ramey & Hailey
lawjoel@hotmail.com