UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN SHOWALTER et al.,           ) | |
|                                                             ) | |
|             Plaintiffs,                         ) | |
|                                                             ) | |
|     vs.                                                ) | Cause No. 1:08-cv-666-WTL-JMS |
|                                                             ) | |
| GARFF RICHMOND, LLC d/b/a TOYOTA ) | |
| OF RICHMOND and DAVID MILLER,  ) | |
|                                                             ) | |
|             Defendants.                     ) | |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE**

Before the Court are six summary judgment motions and six motions to strike filed by the Defendants.  In this Entry, the Court addresses the Motion for Summary Judgment (Docket No. 81) and Motion to Strike (Docket No. 97) pertaining to Plaintiff Terry Kilcoyne.  The motions are fully briefed, and the Court, being duly advised, **DENIES** the Motion to Strike but reopens discovery to allow the Defendants to depose Dave Vanover and Becky Slusher, and **DENIES** the Motion for Summary Judgment, for the reasons, and to the extent set forth below.

**I.  SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor.  *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).  However, "[a] party who bears the burden of proof on a particular

issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.  BACKGROUND

Terry Kilcoyne, was hired by Toyota of Richmond ("the Dealership") as a salesperson. After approximately six months as a salesperson, Kilcoyne became the Dealership's Internet Manager. As the Internet Manager, Kilcoyne followed up on leads from various sources, managed the Dealership's website, and reviewed online credit applications. Def. Ex. 1 at 62, lines 15-21. According to the Plaintiff, because he was so busy, the Dealership brought James Cohee in to assist him. *Id.* at 45, lines 1-4.

In 2007, the Dealership was purchased by Garff Richmond ("Garff"). Marion Palmore became the new General Manager and Ray Sanabia became the Director of Operations. After the Garff acquisition, Palmore and Sanabia met with Kilcoyne to discuss increasing the Internet Department's performance. *Id.* at 48, lines 17-19. However, at a meeting that Kilcoyne did not attend, Palmore and Sanabia stated that they no longer wanted any "old" people working at the Dealership and that they would only accept employment applications from women under twenty-five years of age.[1]    Pl. Ex. 3 ¶¶ 5, 7.

---

[1] The Defendants vigorously dispute the veracity of this statement, however, as this is the Defendants' Motion for Summary Judgment, the Court must believe Kilcoyne's admissible evidence and draw all reasonable inferences in his favor. As the Court will explain below, the

Only two weeks after the Graff acquisition, Cohee replaced Kilcoyne as Internet Manager. Thus, Cohee became Kilcoyne's boss. Def. Ex. 1 at 46. About a week after his demotion, Kilcoyne was fired and replaced by a younger employee.[2] On the day of Kilcoyne's termination, Dave Vanover heard Palmore tell Sanabia to "get rid of [Kilcoyne's] old fat a–." Pl. Ex. 3 ¶ 21. Kilcoyne ultimately filed suit under the ADEA, alleging that the Defendants terminated him because of his age.

### III.  DISCUSSION

The Defendants moved to strike the affidavits of Dave Vanover, Pl. Ex. 3, and Becky Slusher, Pl. Ex. 4, because the Plaintiff failed to disclose these witnesses. It is true that neither Vanover nor Slusher was disclosed in the Plaintiff's Preliminary Witness List. However, Vanover was identified in the Plaintiff's Initial Disclosures as a potential witness, and in his supplemental responses to the Defendants' interrogatories, Kilcoyne identified both Vanover and Slusher as potential witnesses to the Defendants' age discrimination. In addition, during his deposition, Kilcoyne stated that Vanover heard that the Defendants intended to terminate "old" employees. Thus, although the Plaintiff may have committed a technical violation of Rule 26(a) of the Federal Rules of Civil Procedure, striking the Vanover and Slusher affidavits is not an appropriate remedy. Accordingly, the Defendants' Motion to Strike is **DENIED**; however, discovery is reopened to allow the Defendants to depose Dave Vanover and Becky Slusher.

---

Defendants' Motion to Strike is denied and the Court has considered all of the parties' designated evidence.

[2] Although the Plaintiff references his demotion from Internet Manager to Internet Sales, he does not allege that this demotion was age-related. His only allegation is that his termiation was due to his age in violation of the Age Discrimination in Employment Act ("ADEA"). The Court takes no position on the propriety of Kilcoyne's demotion.

Turning to the Motion for Summary Judgment, in order to prevail, Kilcoyne ultimately will have to convince a jury by a preponderance of the evidence that his age was a motivating factor in the Defendants' decision to terminate him. At this stage of the case, Kilcoyne can "avert summary judgment 'either by putting in enough evidence, whether direct or circumstantial, of discriminatory motivation to create a triable issue,'" the so-called direct method, "'or by establishing a prima facie case under the *McDonnell Douglas* formula.'" *Paz v. Wauconda Healthcare & Rehab. Ctr., LLC*, 464 F.3d 659, 665 (7th Cir. 2006) (quoting *Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712, 719 (7th Cir. 2005)). The Seventh Circuit has recognized "three distinguishable kinds of 'circumstantial' evidence of intentional discrimination." *Rudin*, 420 F.3d at 720.

> The first consists of suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn . . . . Second is evidence, whether or not rigorously statistical, that employees similarly situated to the plaintiff other than in the characteristic (pregnancy, sex, race, or whatever) on which an employer is forbidden to base a difference in treatment received systematically better treatment. And third is evidence that the plaintiff was qualified for the job in question but passed over in favor of (or replaced by) a person not having the forbidden characteristic and that the employer's stated reason for the difference in treatment is unworthy of belief.

*Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994) (citations omitted). A plaintiff can survive summary judgment by "constructing a 'convincing mosaic' of circumstantial evidence that 'allows a jury to infer intentional discrimination by the decisionmaker.'" *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004) (quoting *Troupe*, 20 F.3d at 737). Applying this standard, and viewing the evidence of record in the light most favorable to Kilcoyne, the Court determines that the evidence described above, if believed, would permit a jury to reasonably infer that age was a motivating factor in the Defendants' decision to terminate

him.[3] Therefore, the Defendants' Motion for Summary Judgment is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Strike (Docket No. 97) is **DENIED** but discovery is reopened to allow the Defendants to depose Dave Vanover and Becky Slusher. In addition, the Defendants' Motion for Summary Judgment (Docket No. 81) is **DENIED**.

SO ORDERED:  02/26/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Stephanie Lynn Cassman
Lewis Wagner LLP
scassman@lewiswagner.com

lawjoel@hotmail.com

Richard D. Hailey
Ramey & Hailey
rich@rameyandhaileylaw.com

Thomas C. Hays
Lewis Wagner LLP
thays@lewiswagner.com

Theresa Renee Parish
Lewis Wagner LLP
tparish@lewiswagner.com

Joel Samuel Paul
Ramey & Hailey

---

[3] The parties' briefs contain argument regarding both the direct method and the *McDonnell Douglas* burden-shifting analysis. Because the Court finds that Kilcoyne has sustained his burden under the former, it is not necessary to address the arguments relating to the latter.