UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **KAREN SHOWALTER et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Cause No. 1:08-cv-666-WTL-JMS |
| ) | |
| **GARFF RICHMOND, LLC d/b/a TOYOTA** ) | |
| **OF RICHMOND and DAVID MILLER,** ) | |
| ) | |
| **Defendants.** ) | |

### ENTRY ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE

Before the Court are six summary judgment motions and six motions to strike filed by the Defendants. In this Entry, the Court addresses the Motion for Summary Judgment (Docket No. 72) and Motion to Strike (Docket No. 102) that pertain to Plaintiff Duncan Riddle. The motions are fully briefed, and the Court, being duly advised, **DENIES** the Motion to Strike but reopens discovery to allow the Defendants to depose Dave Vanover and Becky Slusher, and **DENIES** the Motion for Summary Judgment, for the reasons, and to the extent set forth below.

### I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular

issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.  BACKGROUND

Duncan Riddle, was hired by Toyota of Richmond ("the Dealership") as a Finance and Insurance (F&I) Manager. An F&I Manager "make[s] sure that you get the best payment you can get at the best rate." Def. Ex. 1 at 35, lines 10-11. "If you need a warranty or gap or other products," an F&I Manager coordinates that purchase. *Id*. at 35, lines 12-13. Riddle "represent[ed] about 20 or 30 different banks" and worked with "different banks to choose which is the best for the customer." *Id*. at 39, lines 3-7.

In 2007, the Dealership was purchased by Garff Richmond ("Garff"). Marion Palmore became the new General Manager and Ray Sanabia became the Director of Operations. Shortly after the Garff acquisition, Riddle attended a meeting with the new management. During this meeting he was told that he had "the best numbers we've ever seen in any of our F&I people." *Id.* at 56, lines 8-9. Riddle also learned that Garff was bringing Peter Vi in as F&I Supervisor, effectively replacing Riddle's former boss co-Plaintiff Robert Slusher. In a separate meeting that Riddle did not attend, Palmore and Sanabia stated that they no longer wanted any "old" people working at the Dealership and that they would only accept employment applications from

women under twenty-five years of age.[1]  Pl. Ex. 2 ¶¶ 5, 7.  Ultimately, the Dealership fired Riddle.  The day after Riddle's termination, Dave Vanover asked Sanabia: "Why did you guys fire Duncan [Riddle]? I thought fellow Marines looked out for each other." *Id*. ¶ 8.  Sanabia responded, "We do look out for each other but only the ones from our generation, not ones that fought in the Civil War like Duncan." *Id.*  Riddle was replaced by a "young guy, 23 or 24 years old." Def. Ex. 1 at 72, lines 12-13.  Riddle then filed this suit alleging that the Defendants terminated him based on his age in violation of the Age Discrimination in Employment Act ("ADEA").

### III.  DISCUSSION

The Defendants moved to strike the affidavits of Dave Vanover, Pl. Ex. 2, and Becky Slusher, Pl. Ex. 3, because the Plaintiff failed to disclose these witnesses.  It is true that neither Vanover nor Slusher was disclosed in the Plaintiff's Preliminary Witness List.  However, Vanover was identified in the Plaintiff's Initial Disclosures as a potential witness, and in his supplemental responses to the Defendants' interrogatories, Riddle identified both Vanover and Slusher as potential witnesses to the Defendants' age discrimination.  Thus, although the Plaintiff may have committed a technical violation of Rule 26(a) of the Federal Rules of Civil Procedure, striking the Vanover and Slusher affidavits is not an appropriate remedy.  Accordingly, the Defendants' Motion to Strike is **DENIED**; however, discovery is reopened to allow the Defendants to depose Dave Vanover and Becky Slusher.

---

[1] The Defendants vigorously dispute the veracity of this statement, however, as this is the Defendants' Motion for Summary Judgment, the Court must believe Riddle's admissible evidence and draw all reasonable inferences in his favor.  As the Court will explain below, the Defendants' Motion to Strike is denied and the Court has considered all of the parties' designated evidence.

The Defendants briefly argue that Riddle lacks standing to allege violation of the ADEA because he was an independent contractor. In support of this assertion, the Defendants cite Sanabia's deposition testimony which states that Riddle "had established an LLC, and he was not an employee of the dealership." Def. Ex. 3 at 137, lines 3-5. According to Sanabia, Riddle's commission checks "were being written to the LLC." *Id.* at 137, lines 7-8. Riddle acknowledges that he used his LLC to write off expenses, garner tax advantages, and avoid personal liability, but he disputes the Defendants' conclusion that he was an independent contractor. Riddle emphasizes that: (1) he was required to report to a direct supervisor; (2) this direct supervisor controlled his conduct and work duties; (3) he was covered by an employee health plan; (4) he participated in the Defendants' 401(k) plan, and; (5) he received regular job evaluations like the Dealership's other employees. In *Sword v. NKC Hospitals, Inc.*, 714 N.E.2d 142, 148 (Ind. 1999), the court emphasized that the key difference between an employee and an independent contractor is the "employer's right to control." Thus, an independent contractor is "'a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking.'" *Id.* (quoting RESTATEMENT (SECOND) OF AGENCY § 2(3) (1958)). In the instant, case, Riddle has designated evidence indicating that he reported to and was controlled by a supervisor. Based on this evidence, Riddle was an employee and thus, he has standing to allege a violation of the ADEA.

Turning to the Motion for Summary Judgment, in order to prevail, Riddle ultimately will have to convince a jury by a preponderance of the evidence that his age was a motivating factor in the Defendants' decision to terminate him. At this stage of the case, Riddle can "avert

4

summary judgment 'either by putting in enough evidence, whether direct or circumstantial, of discriminatory motivation to create a triable issue,'" the so-called direct method, "'or by establishing a prima facie case under the *McDonnell Douglas* formula.'"  *Paz v. Wauconda Healthcare & Rehab. Ctr., LLC*, 464 F.3d 659, 665 (7th Cir. 2006) (quoting *Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712, 719 (7th Cir. 2005)).  The Seventh Circuit has recognized "three distinguishable kinds of 'circumstantial' evidence of intentional discrimination."  *Rudin*, 420 F.3d at 720.

> The first consists of suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn . . . . Second is evidence, whether or not rigorously statistical, that employees similarly situated to the plaintiff other than in the characteristic (pregnancy, sex, race, or whatever) on which an employer is forbidden to base a difference in treatment received systematically better treatment. And third is evidence that the plaintiff was qualified for the job in question but passed over in favor of (or replaced by) a person not having the forbidden characteristic and that the employer's stated reason for the difference in treatment is unworthy of belief.

*Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994) (citations omitted).  A plaintiff can survive summary judgment by "constructing a 'convincing mosaic' of circumstantial evidence that 'allows a jury to infer intentional discrimination by the decisionmaker.'"  *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004) (quoting *Troupe*, 20 F.3d at 737).  Applying this standard, and viewing the evidence of record in the light most favorable to Riddle, the Court determines that the evidence described above, if believed, would permit a jury to reasonably infer that age was a motivating factor in the Defendants' decision to terminate him.[2]

---

[2] The parties' briefs contain argument regarding both the direct method and the *McDonnell Douglas* burden-shifting analysis.  Because the Court finds that Riddle has sustained his burden under the former, it is not necessary to address the arguments relating to the latter.

Therefore, the Defendants' Motion for Summary Judgment is **DENIED** as to Riddle's ADEA claim.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Strike (Docket No. 102) is **DENIED** but discovery is reopened to allow the Defendants to depose Dave Vanover and Becky Slusher. In addition, the Defendants' Motion for Summary Judgment (Docket No. 72) is **DENIED**.

SO ORDERED:   02/26/2010

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Stephanie Lynn Cassman
Lewis Wagner LLP
scassman@lewiswagner.com

Richard D. Hailey
Ramey & Hailey
rich@rameyandhaileylaw.com

Thomas C. Hays
Lewis Wagner LLP
thays@lewiswagner.com

Theresa Renee Parish
Lewis Wagner LLP

tparish@lewiswagner.com

Joel Samuel Paul
Ramey & Hailey
lawjoel@hotmail.com